IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 16-CR-00069-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NICHOLAS EMERSON MALONEY,

Defendant.

---

## FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS FOR ORDER OF DETENTION

---

    This matter was before the court for detention hearing on January 5, 2017. The court has taken judicial notice of the court's file and the Memorandum dated January 3, 2017 by the Probation Office concerning defendant's detention. In addition, the court has considered the proffer by defendant and the arguments by counsel. The court now being fully informed makes the following findings of fact, conclusions of law and order for detention.

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

    If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the information set forth in the Memorandum dated January 3, 2017 by the Probation Office and the entire court file. In addition, I have considered the proffer by defendant. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, I find that the defendant has been charged in the Indictment with two separate counts of Bank Robbery in violation of 18 U.S.C. § 2113(a).

Second, I find that probable cause exists that the defendant committed the charged offenses based upon the Indictment.

Third, I find that on October 3, 2016, the defendant pled guilty to a reduced charge of Robbery (felony) in Pulaski County Circuit Court, Little Rock, Arkansas, Case No. 60CR-15-68. He was sentenced to 20 years in the Arkansas Department of Corrections with 296 days credit for time served, with said sentence to be served concurrent to any custody served in federal jurisdictions (Colorado). Defendant's

estimated parole eligibility date is December 11, 2025.  The defendant is not contesting detention.

WHEREFORE, based upon the above findings, I find, by preponderance of the evidence, that the defendant is a flight risk.  I further find that there are no condition or combination of conditions of release will reasonably assure the presence of the defendant at future court hearings.  Accordingly, I order defendant detained without bond.

Done this 5th  day of January 2017.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge