IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.: 16-cr-00069-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**NICHOLAS EMERSON MALONEY,**

    Defendant.

---

## PLEA AGREEMENT

---

The United States of America ("the Government"), by and through Jason St. Julien, Assistant United States Attorney, and the defendant, Nicholas Emerson Maloney, personally and by counsel, Shira Kieval, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

### I.   AGREEMENT

**A.    Defendant's Plea of Guilty**

The defendant agrees to plead guilty to Count 1 of the Indictment [ECF No. 1], charging a violation of 18 U.S.C. § 2113(a), bank robbery.  The defendant also agrees to waive his appellate rights, as set forth below, and that he is liable for the full restitution amount set forth in Section VII(K) of this Plea Agreement.

**B.    Government's Obligations**

In exchange for the defendant's plea of guilty, the United States agrees to:  (1) recommend the Court give the defendant full credit for acceptance of responsibility per U.S. SENTENCING GUIDELINES MANUAL § 3E1.1, unless the defendant engages in

COURT
EXHIBIT
1

conduct that qualifies for the obstruction of justice enhancement under §§ 3C1.1 and 3E1.1, cmt. n.4, between the time of the guilty plea and sentencing; (2) move to dismiss Count 2 at the Sentencing Hearing; and, (3) recommend a sentence of 36 months imprisonment, to run consecutive with the defendant's sentence for robbery in Pulaski County Circuit Court, Little Rock, Arkansas, case no. 60CR-16-68.

### C.     Defendant's Waiver of Appeal

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined.  Understanding this, and in exchange for the concessions made by the Government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 21; or, (3) the Government appeals the sentence imposed.  If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255).  This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the

2

following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

## II.  ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offense to which this plea is being tendered are as follows:

*First*:  The defendant intentionally took from the person and presence of another, money and property;

*Second*:  The money and property belonged to or were in the possession of a federally insured bank at the time of the taking; and,

*Third*:  The defendant took the money and property by means of force and violence and by intimidation.

## III.  STATUTORY PENALTIES

The maximum statutory penalty for a violation of 18 U.S.C. § 2113(a) is not more than 20 years imprisonment; not more than a $250,000 fine, or both; not more than 3 years supervised release; and a $100 special assessment fee.  If a term of probation or supervised release is imposed, any violation of the terms and/or conditions of supervision may result in an additional term of imprisonment.

3

## IV.  COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V.  STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement.  That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations.  To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree the facts are as follows:

On September 15, 2015, Maloney entered the Chase Bank located at 7405 W. 38th Ave. in Wheat Ridge, Colorado and handed the victim teller, T.H., a note requesting money.  The note also stated that if T.H. did not comply, a bomb would

4

detonate inside the bank.  Maloney verbally stated to T.H. that "they" have his wife

hostage and he needed to pay "them."  Maloney never explained who "they" are.  T.H.

pushed a button on his/her keyboard that automatically dispensed $1,000 and gave the

money to Maloney.  Maloney stated that that was not enough and T.H. dispensed

another $2,000 and gave it to Maloney.  Maloney put the money in a folder and exited

the bank in a yellow cab.

On or about December 14, 2015, Federal Bureau of Investigation ("FBI") Task

Force Officer ("TFO") Pyler learned that Maloney was arrested and in custody in Little

Rock, Arkansas for bank robbery.  While in custody, Maloney handed guards at the

detention facility notes stating that he wanted to speak with the FBI.  On January 12,

2016, TFO Pyler interviewed Maloney in Little Rock, Arkansas at the Pulaski County

Sheriff's Department.  Maloney's Arkansas public defender was present during the

interview and Maloney confessed to robbing Chase Bank in Wheat Ridge, Colorado on

September 15, 2015.

Chase Bank did not recover any money taken during the robbery.  Maloney

agrees to pay $3,000 in restitution to Chase Bank.

At all relevant times, Chase Bank was federally insured, meaning that their

deposits were insured by the Federal Deposit Insurance Corporation.

## VI.  ADDITIONAL FACTS AND RESTITUTION

In addition to the facts to which the defendant stipulates, the Government submits the Court may consider the following additional facts pursuant to 18 U.S.C. § 3553 and in fashioning a restitution order.  While the defendant does not stipulate to the following facts for purposes of U.S.S.G. §§ 1B1.2 and 1B1.3, the defendant agrees that the Government's evidence would be as follows:

On September 18, 2015, Maloney entered Bank of West located at 7575 W. 44th Avenue in Wheat Ridge, Colorado and handed the victim teller, D.V., a note that read, "This is a robbery, my son needs a surgery, give me all your $100's, $50's, $20's, $10's, $10,000 at least.  Thank you."  Maloney further told D.V. that he loves his son very much and was willing to die for him.  D.V. gave Maloney $6,420.  Maloney exited the bank, left in a black taxi cab, and was neither located nor apprehended by law enforcement.

On January 12, 2016, TFO Pyler interviewed Maloney in Little Rock, Arkansas at the Pulaski County Sheriff's Department.  Maloney's Arkansas public defender was present during the interview and Maloney confessed to robbing Bank of West in Wheat Ridge, Colorado on September 18, 2015.

Bank of the West did not recover any money taken during the robbery.  Maloney agrees to pay $6,420 in restitution to Bank of the West.

6

## VII.   ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors.  One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission.  In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines.  To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

A.     The base guideline is § 2B3.1(a) with a base offense level of **20**.

B.     Pursuant to the specific offense characteristic in § 2B3.1(b)(1), the base offense level is *increased by two levels* because the property of a financial institution was taken.  This results in an adjusted offense level of **22**.

C.     Pursuant to the specific offense characteristic in § 2B3.1(b)(2)(F), the base offense level is *increased by two levels* because a threat of death was made.  This results in an adjusted offense level of **24**.

D.     There are no victim-related, role-in-offense, obstruction and/or multiple count adjustments.

E.   The defendant should receive a **3-level** adjustment for acceptance of
responsibility under § 3E1.1.  The resulting offense level therefore would
be **21**.

F.   The parties understand that the defendant's criminal history computation
is tentative.  The criminal history category is determined by the Court
based on the defendant's prior convictions.  Based on the information
currently available to the parties, the Government estimates that the
defendant's criminal history category would be **IV**.

G.   Assuming the criminal history facts known to the parties are correct, the
armed career criminal statute does not apply.

H.   Imprisonment:  The advisory guideline range of imprisonment resulting
from an offense level of **21** and the above criminal history category **IV** is
57 – 71 months imprisonment.  However, in order to be as accurate as
possible, with the criminal history category undetermined at this time, the
offense level estimated above could conceivably result in a range from 37
months (bottom of Category I) to 96 months (top of Category VI).
In any event, the guideline range would not exceed the statutory maximum
applicable to the count of conviction.

8

I.    <u>Fine</u>: Pursuant to guideline § 5E1.2, assuming the estimated offense level of **21**, the fine range for this offense would be $15,000 to $150,000, plus applicable interest and penalties.

J.    Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term shall be at least one year but not more than three years.

K.    The defendant agrees that he is liable for the full restitution amount to the following banks: (1) $3,000 to Chase Bank located at 7405 W. 38th Ave. in Wheat Ridge, Colorado; and, (2) $6,420 to Bank of the West located at 7575 W. 44th Avenue in Wheat Ridge, Colorado.

The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary

entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VIII.  ENTIRE AGREEMENT

This document, as supplemented, states the parties' entire agreement.  There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied.  In entering this agreement, neither the Government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 3/16/17

Nicholas Emerson Maloney
Defendant

Date: 3/16/17

Shira Kieval
Attorney for Defendant

Date: 3/16/17

Jason St. Julien
Attorney for the United States

11